UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO: 8:21-cv-00384

JULIANNE BENEDETTA
JASN1CH ROMANENKO,

    Plaintiff,

vs.

LM GENERAL INSURANCE COMPANY,
A FOREIGN PROFIT CORPORATION,

    Defendant.
_____/

**Defendants' Rule 35 Motion to Compel Plaintiff to Submit to an Examination by an Orthopedic Surgeon and Memorandum of Law in Support**

Pursuant to Rule 35(a), *Federal Rules of Civil Procedure,* Defendant, LM GENERAL INSURANCE COMPANY, by and through its counsel, hereby files this motion to compel the plaintiff to submit to a medical examination by Dr. Mark Lonstein, a board certified orthopedic surgeon, on September 10, 2021 at 10:00AM at Sarasota Spine Specialists, 2032 Hillview Street, Sarasota, FL 34239.

### I. FACTUAL BACKGROUND

Plaintiff is alleging that on December 4, 2019, she was eastbound on Fruitvale Road at its intersection with Beneva Road in Sarasota, Florida. Plaintiff alleges that she had a green arrow and was lawfully turning left when she was hit

by a motor vehicle driven by Whitney A. Adams ("Adams"). Plaintiff alleges that Adams was an underinsured/uninsured motorist, and Plaintiff has sued her insurance company under her LM General Insurance Company's insurance policy. Immediately after the accident, plaintiff was treated for cervical and lumbar strain at Doctor's Hospital of Sarasota.

Plaintiff then began treating at Physician's Group, LLC for headaches, neck pain, chest/rib pain, and radiating low back pain. On January 23, 2020, Plaintiff underwent a cervical spine MRI which according to the reading radiologist showed disc bulgers at four levels, two of which affected the exciting nerve roots. A lumbar spine MRI on that same date showed disc herniations at three levels according to the treating radiologist.

On February 19, 2020, Plaintiff began treating for these injuries with Dr. Tan Ly, an orthopedic surgeon in Sarasota, FL. Dr. Ly has recommended the plaintiff for a cervical fusion and lumbar discectomy,

## MEMORANDUM OF LAW

Rule 35(a), Federal Rules of Civil Procedure provides the court with authority to order the plaintiff's physical examination. Rule 35(a) states in pertinent part:

> (1) *In General.* The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a

suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

(2) *Motion and Notice; Contents of the Order.* The order:

(A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and

(B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

A.  **PLAINTIFF'S PHYSICAL CONDITION IS IN CONTROVERSY AND GOOD CAUSE EXISTS**

In cases such as the instant case, the pleadings alone would be sufficient to meet the requirements of showing that the physical condition of a party is in controversy and good cause exists for that party to be compelled to undergo a physical examination. S*chlagenhauf v Holder*, 379 US 104, 85 S. Ct. 234 (1964). A plaintiff in a negligence action who asserts mental or physical injury clearly in controversy, provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury. Id.

In Paragraph 13 of Plaintiff's Complaint, she alleges that as a result of the negligence of the tortfeasor, she suffered bodily injuries, resulting pain and suffering then, now and in the future; disability; disfigurement; loss of capacity for the enjoyment of life; expenses for medical…."

In addition, in her responses to interrogatories, plaintiff alleges "in general, she sustained injuries and/or aggravations of pre-existing conditions to her neck

and back." She also included records that detail the medical history described above which includes a surgical recommendation by an orthopedic surgeon. Thus Plaintiff has placed her physical condition at issue in this action.

Because the Plaintiff has created an issue as to her permanent injuries, the only manner in which the Defendant can determine the degree of nature of the plaintiffs' injuries, the effect on her life, and the need for future medical treatment so as to defend against Plaintiff's claim is to have her submit to a physical examination.

**B.     PHYSICAL EXAMINATION WILL BE PERFORMED BY A SUITABLY LICENSED OR CERTIFIED EXAMINER**

Defendant proposes that the Rule 35 physical examination of Plaintiff will be performed by Dr. Mark Lonstein. Dr. Lonstein is a board certified Orthopedic Surgeon in Sarasota, Florida. He has over forty years of experience in the medical field. Dr. Lonstein graduated from Baylor University medical school in 1981 and is affiliated with Sarasota Memorial Hospital.  de Nuevo Leon in 1981; completed his surgical internship at UMDNJ Rutgers University in 1983; and his anesthesiology residency in 1985.  *See CV, attached as Exhibit A*.  A review of his CV clearly demonstrates that Dr. Lonstein is a  well-qualified physician in his field and meets or exceeds the requirements of Rule 35.

Dr. Lonstein will be performing a comprehensive examination which will include, but may not necessarily be limited to: performing a physical examination of the plaintiff including questioning her as to her complaints of pain; assessing the extent of the plaintiff's injuries as they pertain to the diagnosis and recommended treatment; determining and/or assessing the extent to which any pre-existing pathologies or conditions were aggravated by the subject accident causing the need for surgery or other treatment; assessing the reasonableness and appropriateness of past, ongoing, and anticipated treatment; determining the need for future care and treatment; and assessing or evaluating any other areas Dr. Lonstein in his professional medical opinion determines are necessary and/or appropriate within the context of his examination and in light of the facts and circumstances of this case and the plaintiff's medical situation as it relates to her need for surgery and or any other treatment.

WHEREFORE, Defendant respectfully requests that pursuant to Rules 35 and 6(b) this court order the Plaintiff to appear for a medical examination by Dr. Lonstein on September 10, 2021 at 10:00AM at Sarasota Spine Specialists, 2032 Hillview Street, Sarasota, FL 34239.

### 3.01(g) CERTIFICATE

Pursuant to Rule 3.01(g) of the Rules of the United States District Court for the Middle District of Florida, the undersigned counsel for Defendant hereby

certifies that she has conferred with counsel for Plaintiff and Plaintiff's counsel is opposed to the relief sought by this motion.

WHEREFORE, because the "in controversy", "good cause", and notice requirements of Federal Rule of Civil Procedure 35(a) have been met, Defendant respectfully requests this Court to order Plaintiff to submit to the requested physical examination.

Respectfully submitted, this 8th day of July, 2020.

Law Office of Robert P. Kelly
PO Box 7217
London, KY 40742
Telephone: (813) 286-0068
Attorney for Defendant
/s/ Laura Starrett

LAURA STARRETT
Florida Bar No.030008137
Primary e-mail (eservice only): Tampalegalmail@libertymutual.com
Secondary e-mail: laura.starrett01@LibertyMutual.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 8th day of July, 2021, the foregoing Notice of Appearance has been electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of ECF to all counsel of record listed below:

Plaintiff's Counsel:

Ana K. Kenyon
Kenyon Law Group PLLC
1215 Manatee Avenue West
Bradenton, FL 34205
Primary E-Mail:amy@kenyonlawfirm.com

Shawn Goforth
1215 Manatee Avenue West, 1st Floor
Bradenton, FL 34205
Primary E-Mail:  shawn.goforth.esq@Qlaw.com

Defendant's Counsel:
MATTHEW J. LAVISKY
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
mlavisky@butler.legal

JAMIE COMBEE NOVAES
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
jnovaes@butler.legal
Secondary: ehorton@butler.legal
hmosher@butler.legal

RAYMOND F. AYRES II
PO Box 7217
London, KY 40742
Primary e-mail (eservice only):  TampaLegalMail@libertymutual.com
Secondary e-mail:  Raymond.AyresII@LibertyMutual.com


Law Office of Robert P. Kelly
PO Box 7217
London, KY 40742
Telephone:  (813) 286-0068
Attorney for Defendant

/s/ Laura Starrett

_____
LAURA STARRETT
Florida Bar No.030008137
Primary e-mail (eservice only): Tampalegalmail@libertymutual.com
Secondary e-mail:  laura.starrett01@LibertyMutual.com